# IN THE COURT OF APPEALS OF IOWA

No. 21-0930
Filed May 11, 2022

IN RE THE MARRIAGE OF CHAD WILLIAM WILE
AND LEIGHANN MARIE WILE

Upon the Petition of
**CHAD WILLIAM WILE,**
        Petitioner-Appellant,

**And Concerning**
**LEIGHANN MARIE WILE,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Dallas County, Brad McCall, Judge.

Chad Wile appeals the district court modifications of child-custody and visitation provisions of the parties' dissolution decree. **AFFIRMED AS MODIFIED.**

Chira L. Corwin of Corwin Law Firm, Des Moines, for appellant.

LeighAnn Marie Wile, West Des Moines, self-represented appellee.

Considered by Bower, C.J., and Vaitheswaran and Chicchelly, JJ.

**BOWER, Chief Judge.**

Chad Wile appeals the district court's modifications of child-custody and visitation provisions of the decree dissolving his marriage to LeighAnn Wile. We affirm as modified.

### I. Background Facts & Proceedings

On March 9, 2016, the district court dissolved the marriage between Chad and LeighAnn. The court awarded Chad legal custody and physical care of their child, L.W., who was born in 2012. The court ordered LeighAnn have visitation on alternating weekends and Tuesday evenings from 5:00 to 8:00 p.m. Chad and LeighAnn were to alternate spring-break weeks year to year. The court did not order any additional summer visitation to allow for vacations, but allowed LeighAnn additional visitation as agreed by the parties.

Since the dissolution, Chad and LeighAnn have not shown the ability or willingness to get along. They have minimal communication and use the courts to address issues between them, including a prior custody modification motion and applications for contempt. Chad would not share information about the child's schooling or health, and LeighAnn refused to tell Chad where she lived.

In August 2019, Chad filed a motion to modify the dissolution decree, requesting the court eliminate overnight visitation and require supervised visits. Trial on the motion was continued due to COVID-19 court protocols, technical difficulties, and medical issues.

The modification hearing began on November 19, 2020, during which Chad and LeighAnn represented themselves, presented very different viewpoints, and showed little ability to get along. After the hearing, the court appointed an attorney

to represent the child. The child's attorney submitted a statement on the child's views to the court, and Chad then requested the appointment of a guardian ad litem or child and family reporter. The court appointed a child and family reporter, who submitted a report to the court in April 2021. The court concluded the modification hearing on June 15, 2021.

In its ruling, the court stated a material change in circumstances had occurred since the decree and

> it would be in the best interests of the minor child for the custodial provisions of the decree to be modified to place the minor child in the joint legal custody of the parties, with primary physical care to remain with [Chad], and for [LeighAnn]'s visitation to be modified in such a way that interaction between the parties is minimized and the time the minor child spends with [LeighAnn] to be increased. Because of the high level of conflict between the parties, the court further finds provisions should be put in place which will hopefully improve the ability of the parties to communicate civilly and effectively with one another.

The court modified visitation: LeighAnn's visits would begin at the conclusion of the school day, eliminating the parent exchange at 5:00 p.m., and extending her weekend visits to three overnights. The modification also entitles LeighAnn to three one-week visits beginning in the summer of 2022.[1] The court also ordered the parties to participate in a program to improve their communication. Chad filed a motion to reconsider, which the court denied.

Chad appeals.[2]

---

[1] The court did not set any corresponding weeks for Chad without visits for LeighAnn.
[2] LeighAnn, representing herself, filed a proof brief but no final brief on appeal.

**II. Standard of Review**

"Actions for the modification of a dissolution decree are tried in equity." *In re Marriage of Roberts*, 954 N.W.2d 757, 760 (Iowa Ct. App. 2020). Our scope of review is therefore de novo. Iowa R. App. P. 6.907. "Though we make our own findings of fact, we give weight to the district court's findings." *In re Marriage of Harris*, 877 N.W.2d 434, 440 (Iowa 2016).

**III. Analysis**

**Modification.** "A party seeking modification of a dissolution decree must prove by a preponderance of the evidence a substantial change in circumstances occurred after the decree was entered." *Id.* "The changed circumstances affecting the welfare of children and justifying modification of a decree 'must not have been contemplated by the court when the decree was entered, and they must be more or less permanent, not temporary.'" *Id.* (citation omitted). Chad asserts the court wrongly found a substantial change of circumstances and modified the decree to grant the parties joint legal custody. The court modified legal custody so LeighAnn could "have access, free and full access, to any and all information related to [the child]'s legal status, her educational pursuits, her medical care, her extracurricular activities, and religious instructions."

LeighAnn did not request joint legal custody, though she did request more time with the child and that she be allowed to participate in more events in the child's life—including parent–teacher conferences, doctor appointments, and the like. While the court found a "material change in circumstances" had occurred, the court did not explain what substantial change in circumstances outside the court's

contemplation has occurred since the decree, and we do not find a substantial change meriting a modification of legal custody of the child.

Even though we do not consider it a substantial change in circumstance meriting custody modification, we agree Chad has not been fulfilling his duties as custodial parent to support the child's relationship with LeighAnn. The level of acrimony between the parents is such that we do not think joint legal custody is in the child's best interests. Nevertheless, it is important for both parents to have sufficient information about the child's education and medical situation to make appropriate choices during their time with the child. Therefore, we order Chad to timely inform LeighAnn of the child's education and extracurricular activities as well as medical appointments or illnesses.

Chad also asserts the court acted inequitably in expanding visitation, giving undue deference to the minor child's preference. In order to modify visitation provisions of a dissolution decree the moving party must show not only a material change of circumstances but also establish the change in visitation is in the best interests of the child. *See In re Marriage of Salmon*, 519 N.W.2d 94, 95–96 (Iowa Ct. App. 1994); *see also In re Marriage of Hansen*, 733 N.W.2d 683, 695 (Iowa 2007) ("Physical care issues are not to be resolved based upon perceived fairness to the spouses, but primarily upon what is best for the *child*."). A change of visitation requires a lesser showing of change of circumstances than does a change of custody. *Salmon*, 519 N.W.2d at 96. A custodial award is to include visitation that "will assure the child the opportunity for the maximum continuing physical and emotional contact with both parents." Iowa Code § 598.471(1)(a) (2019). "The court considers a child's wishes [in custodial decisions], taking into

account the child's age and maturity." *In re Marriage of Hoffman*, 867 N.W.2d 26, 35 (Iowa 2015).

Once the court determined a material change in circumstances had occurred since the dissolution decree, it considered whether a modification of visitation was in the child's best interests. Although LeighAnn did not file a formal motion to modify, she did inform the court she wanted more time with the child. Likewise, the child's attorney informed the court the child wants more time with LeighAnn with long visits over breaks. The child and family reporter acknowledged some problematic behaviors related to the mother's mental health, but found no evidence it affected her ability to care for the child. She opined the parents primarily had a communication issue and that it could be in the child's "best interest to potentially increase her contact with her mother."

We see no reason to disturb the district court's modifications to the visitation schedule. However, just as LeighAnn's visitation in summers is modified to grant her three nonconsecutive weeks with the child, we make an additional modification that Chad may have three, nonconsecutive weeks during the child's summer school break without the mother's weekday visitation. His week designations are also to be made on or before May 1 each year, with LeighAnn's choices prioritized in odd years and Chad's in even years.

We affirm as modified the custody and visitation provisions of the dissolution decree.

**Attorney fees.** Chad asserts he has no income and LeighAnn has a greater ability to pay his attorney fees. "In determining whether to award appellate attorney fees, we consider the needs of the party seeking the award, the ability of

the other party to pay, and the relative merits of the appeal." *In re Marriage of McDermott*, 827 N.W.2d 671, 687 (Iowa 2013) (internal quotation marks and citation omitted); *see also* Iowa Code § 598.36. Based on this record, we do not find LeighAnn has a greater ability to pay and decline to award any attorney fees.

Costs are assessed equally to the parties.

**AFFIRMED AS MODIFIED.**